UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CODY HOGAN and
ERICA HOGAN                                                              PLAINTIFFS

V.                    Case No. 1:23-cv-01051-SCH

WEST FRASER, INC. and
EDWARD HENSON                                                            DEFENDANTS

## COMPLAINT

Come Cody Hogan and Erica Hogan, by and through their attorneys, Gary Holt and Associates, and for their Complaint against the Defendants, state:

1.     Plaintiffs Cody Hogan and Erica Hogan are individual residents of Collinston, Louisiana. Plaintiff Cody Hogan was an employee of Industry Services Co., Inc.

2.     Defendant West Fraser, Inc. is a Delaware Corporation doing business in the State of Arkansas.

3.     Defendant Edward Henson is an individual resident of the State of Arkansas.

4. At all relevant times, Edward Henson was the Sawmill Supervisor for the Defendant West Fraser, Inc., and was an agent of West Fraser, Inc. acting within the course and scope of his employment at West Fraser, Inc.

5. The incident complained of herein occurred in Huttig, Union County, Arkansas.

6. Union County, Arkansas is the proper venue for this action.

7. This Court has jurisdiction over this action.

8. On or about March 17, 2023, Plaintiff Cody Hogan was present on the premises of West Fraser, Inc. as a business invitee of that business. He was there for the purposes of performing maintenance and repairs to Defendant West Fraser's premises at Huttig, Arkansas.

9. On the date of this incident, Plaintiff was regularly engaged in his duties with Industry Services Co., Inc.

10. On that day, Plaintiff and four co-workers, all employees of Industry Services Co., Inc., were on the premises of Defendant West Fraser, Inc., for the purpose of performing maintenance and repairs at the Defendant West Fraser's sawmill.

11. Plaintiff and his co-workers were business invitees to whom Defendants owed a duty of care.

12. Defendant Edward Henson had responsibility for all aspects of safety and production of the planer mill, dry kilns, and shipping department at the sawmill at the time of the accident.

13. Defendant Henson led Plaintiff and his co-workers on a tour or "walk-down" of the mill for the purpose of seeing machinery which was to be maintained or repaired by the employees of Industry Services Co., Inc.

14. Defendant Henson led the Plaintiff and his co-employees across an elevated ceiling in the drying room (kiln) at the sawmill. Suddenly there was a loud noise and the metal floor collapsed. Plaintiff, Defendant Henson, and Plaintiff's four co-employees fell to the concrete floor below.

15. Defendant Henson and Defendant West Fraser, Inc. knew that it was not safe to walk on the elevated ceiling without safety harnesses. West Fraser, Inc. ordinarily required safety harnesses when people were working above the floor of the kiln.

16. It has been well known for decades within the industry in which West Fraser, Inc. was engaged that kilns and wood drying environments are very corrosive environments for steel and can cause decomposition or degradation of wood.

17. It has been well known within the industry in which West Fraser, Inc. was engaged that corrosion of steel can decrease the structural integrity of support structures and metal objects.

18. Plaintiff, his co-workers, and Defendant Henson all suffered extensive injuries as a result of the fall.

19. West Fraser, Inc. was negligent in the following particulars, which negligence proximately caused injury to Plaintiff and his co-workers:

   a. Failing to properly maintain the premises;

   b. Maintaining a hazard on its premises;

   c. Failing to warn of the hazard;

   d. Failing to inspect the mill, the kiln, and the premises, including the elevated ceiling which collapsed as described above;

   e. Using an elevated ceiling as a walkway knowing that it was not designed to be used for that purpose;

   f. Failing to enforce its own rules about the use of safety harnesses;

   g. Maintaining a ceiling not made with the proper materials;

   h. Maintaining a ceiling used as an elevated walkway in the atmosphere of a drying kiln, when Defendants knew, or should have known, that the atmosphere of a kiln is acidic and can cause corrosion of the materials of which the ceiling was constructed;

i. Failing to inspect the ceiling for corrosion, damage, and other aspects of the integrity of support members in the ceiling;

j. Failing to take proper precautions as to the known hazard of corrosion in sawmill kilns;

k. Failing to provide a safe environment for business invitees working at the sawmill;

l. Failing to correct hazards on a timely basis;

m. Failing to require adequate safety equipment and protection for persons in the position of Cody Hogan and his co-employees;

n. Failing to correct an unreasonably dangerous condition;

o. Failing to warn Plaintiff and his co-employees of the unreasonably dangerous condition;

p. Failing to ensure that the ceiling was safely attached to the metal beams that supported it;

q. Failing to assure that the ceiling was appropriately attached to the beams and the structures that support it;

r. Permitting Plaintiff and his co-employees to walk on the elevated ceiling as a walkway when agents of the Defendant West Fraser, Inc. knew or should have known of the hazardous condition of the walkway and the risk of corrosion;

   s. Otherwise failing to exercise ordinary care under the circumstances.

 20. Edward Henson, at all times working in the course and scope of his employment with West Fraser, Inc., was negligent in the following particulars, which negligence was a proximate cause of injuries to Plaintiff and his co-workers:

   a. Leading the plaintiff over a walkway which he knew, or should have known, was unsafe and unstable;

   b. Failing to require appropriate safety precautions, including the use of safety harnesses;

   c. Failing to observe the condition of the walkway before using it.

 21. Plaintiff and his co-workers did not know, and could not have known, of the hazardous condition of the premises, as this was their first opportunity to observe the premises in preparation to perform the services offered by their employer.

 22. As a proximate result of the negligence of West Fraser, Inc. and Edward Henson, Plaintiff Cody Hogan suffered the following damages:

   a. Permanent injury;

   b. Pain and suffering, and the reasonable likelihood of pain and suffering in the future;

   c. Mental anguish and the reasonable likelihood of mental anguish in the future;

    d. Medical expenses reasonable and necessary for the treatment of his injuries;

    e. Lost earnings, and the loss of earnings or earning capacity in the future;

    f. Scars and disfigurement.

23. As a proximate result of the negligence of West Fraser, Inc. and Edward Henson, Plaintiff Erica Hogan has suffered loss of consortium.

Wherefore, Plaintiffs seek damages in an amount adequate to compensate them for the damages proximately caused by the negligence of the defendants as set out above, which amount exceeds the amount required for Federal Court jurisdiction, for all costs of court, and for all other just and proper relief.

Plaintiffs request a trial by jury.

Respectfully Submitted,

/s/ William Gary Holt
William Gary Holt, AR #81090
Gary Holt & Associates, P.A.
708 West Second Street
PO Box 3887
Little Rock, Arkansas 72201
Telephone:  501-372-0266
Fax:  501-688-7741
wgh@garyholtlaw.com

/s/ Gerry Schulze
James G. "Gerry" Schulze #83156
Baker Schulze & Murphy
2311 Biscayne, Suite 300
Little Rock, AR 72227
Telephone: (501) 537-1000
Fax:   (501) 537-1001
gschulze@b-s-m-law.com