IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CODY HOGAN and ERICA HOGAN                                                          PLAINTIFFS

v.                                          Case No. 1:23-cv-1051

WEST FRASER, INC. and
EDWARD HENSON                                                                       DEFENDANTS

## ORDER

Before the Court is Separate Defendant Edward Henson's ("Henson") Motion to Dismiss. ECF No. 8. Plaintiffs have responded. ECF No. 13. Henson replied. ECF No. 17. The Court finds the matter ripe for consideration.

## I. BACKGROUND

The following facts are derived from the governing Complaint. ECF No. 2.

On March 17, 2023, Plaintiff Cody Hogan ("Cody"), an employee of Industry Services Co., Inc., was present at West Fraser, Inc.'s ("West Fraser") sawmill facility in Hutting, Arkansas to perform maintenance and repairs to the facility with his co-workers. Defendant Henson, as a sawmill supervisor, led Plaintiff Cody and his coworkers on a tour and "walk-down" of the sawmill to see the equipment on which they would be performing maintenance. During the walk-down, Henson led Plaintiff Cody and his coworkers onto an "elevated ceiling" within the kiln drying room at the sawmill. The elevated ceiling collapsed while Henson and Plaintiff Cody and his coworkers were walking on it, and they fell to the concrete floor below. Plaintiff Cody suffered extensive injuries as a result of the fall.

On June 13, 2023, Plaintiffs filed their complaint against Defendants Henson and West Fraser in this Court.[1]  ECF No. 2.  Plaintiffs bring a negligence claim against Defendants for Plaintiff Cody's injuries resulting from the collapse of the elevated ceiling, and a corresponding loss of consortium claim against Defendants related to Plaintiff Erica Hogan's loss of consortium resulting from Plaintiff Cody's injuries.

On July 5, 2023, Henson filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  ECF No. 8.  Henson generally argues that he, as neither owner nor occupier of the West Fraser property, had no legal duty of care under Arkansas law regarding premises liability and that Plaintiffs' claims against him must fail.  Plaintiffs responded in opposition, generally asserting that their action is not based upon premises liability and that they have sufficiently alleged negligence against Henson.  ECF No. 13.  Henson replied, generally arguing that Plaintiffs' allegations all relate to conditions of the West Fraser property and that the claims must be analyzed under premises liability.  ECF No. 17.

## II. LEGAL STANDARD

A party may move to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss under Rule 12(b)(6), a pleading must provide "a short and plain statement of the claim that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The purpose of this requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twonbly*, 550 U.S. 544, 555 (2007)).  The complaint's factual allegations are assumed true and all reasonable inferences are drawn in Plaintiff's favor, "even if it strikes a savvy

---

[1] Though not clearly stated by Plaintiffs, they seem to assert subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiffs are citizens of Louisiana and Defendants are citizens of Arkansas, and the amount in controversy "exceeds the amount required for Federal Court jurisdiction."  ECF No. 2, pp. 1, 7.

judge that actual proof of those facts is improbable." *Twombly*, 550 U.S. at 555-56.  The Court, however, need not "blindly accept the legal conclusions drawn by the pleader from the facts." *Westcott v. City of Omaha*, 901 F.2d 14486, 1488 (8th Cir. 1990).

The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S.).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of 'further factual enhancement.'" *Id.* (cleaned up).  In other words, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

### III. DISCUSSION

#### A. Negligence Claim

Plaintiffs allege that Henson was a sawmill supervisor responsible for "all aspects of safety and production of the planer mill, dry kilns, and shipping department at the sawmill at the time of the accident."  ECF No. 2, p. 3.  Plaintiffs further allege that Henson acted negligently in three particular ways: "Leading the plaintiff over a walkway which he knew, or should have known, was unsafe and unstable[,]" "Failing to require appropriate safety precautions, including the use of safety harnesses[,]" and "Failing to observe the condition of the walkway before using it."  ECF No. 2, p. 6.  Plaintiffs allege that Plaintiff Cody suffered various injuries that were proximately caused by the negligence allegedly exhibited by Henson.  *Id*. at p. 6-8.

3

Henson argues that Plaintiffs' negligence claim against him must fail because it is rooted in premises liability. ECF No. 9, p. 1-7. Relying on *MIC v. Barrett*, 855 S.W.2d 326 (Ark. 1993), Henson notes that a negligence claim arising from an injury caused by the condition of a property can typically only be brought against the property owner, as they are usually the only entity with a duty to maintain the premises. Henson further notes that a premises liability claim against an employee of a property owner is permissible only when that employee had been given complete control of the entire property. Henson then contends that Plaintiffs have not alleged that he exercised such control over the property. Therefore, Henson concludes that Plaintiffs' claim fails to allege any legal duty Henson owed to Plaintiff Cody that could support a negligence claim against Henson.

In response, Plaintiffs argue that they sufficiently alleged a claim of ordinary negligence against Henson. ECF No. 14, p. 1-3. Plaintiffs contend that their negligence claim against Henson is not based upon premises liability, but rather Henson's alleged failure to exercise reasonable care under the circumstances. Plaintiffs then note that their specific allegations against Henson only relate to a failure to exercise reasonable care when leading Plaintiff Cody onto the elevated platform and not to the dangerous condition of the premises. Plaintiffs assert that this satisfies the requirements for pleading an ordinary negligence claim and is not restricted by the heightened requirements of a premises liability claim against an employee. Plaintiffs also argue that their allegation that Henson's exerted complete control over West Fraser's property as sawmill supervisor satisfies the requirements of a claim against Henson for premises liability and creates a question of fact as to the extent of Henson's control. ECF No. 13, p. 2.

In reply, Henson argues that Plaintiffs' claim against him is clearly based upon premises liability, regardless of Plaintiffs' assertions to the contrary. ECF No. 17, p. 1-4. Henson

4

emphasizes that all allegations from the complaint indicate that Plaintiff Cody's injuries resulted entirely from the collapse of the elevated ceiling and not because of any action taken by Henson. Henson then contends that Plaintiffs have failed to sufficiently allege that Henson exerted complete control over West Fraser's property, which is necessary for Henson to be potentially liable for the condition of the premises.  Without being subject to a premises liability negligence claim, Henson concludes that Plaintiffs have failed to allege any duty Henson owed to Plaintiff Cody at the relevant time that would make him subject to an ordinary negligence claim.

"To prevail on a claim of negligence, the plaintiff must prove that the defendant owed a duty to the plaintiff, that the defendant breached the duty, and that the breach was the proximate cause of the plaintiff's injuries." *Hope Med. Park Hosp. v. Varner*, 568 S.W.3d 818, 822 (Ark. Ct. App. Feb, 13, 2019).  "The question of the duty owed to the plaintiff alleging negligence is always one of law and never one for the jury.  If the court finds that no duty of care is owed, the negligence count is decided as a matter of law." *D.B. Griffin Warehouse, Inc. v. Sanders*, 76 S.W. 254, 262 (Ark. May 30, 2002) (citations omitted).

The existence of a duty depends on the plaintiff and defendant's relationship to one another and, under premises liability theory, their relationship to the property where the alleged injury took place.  *See Chew v. Am. Greetings Corp.*, 754 F.3d 632, 636 (8th Cir. 2014); *D.B. Griffin Warehouse, Inc.*, 76 S.W.3d at 262.  Arkansas courts have explained that "[a] property owner has a duty to exercise ordinary care to maintain his or her premises in a reasonably safe condition for the benefit of his or her invitees", and "[a] business invitee is one who enters or remains on land for a purpose connected with the business dealings of the owner." *Hope Med. Park Hosp.*, 568 S.W.3d at 822.  Arkansas courts have expressly held that "liability cannot attach to the defendant unless the defendant owns or occupies the property that allegedly caused the plaintiff's injury,"

5

including injuries to invitees. *Gray v. Marianna Hous. Auth.*, 599 S.W.3d 337, 340 (Ark. Ct. App. Apr. 1, 2020). In certain circumstances, an employee who does not "own[] or occup[y]" the premises may nevertheless owe a duty to an invitee. *MIC v. Barrett*, 855 S.W.2d 326, 329 (Ark. June 21, 1993). However, "[a] servant or employee is not liable for injury caused by the condition of the land absent proof that his employer has turned over *the entire charge of the land to him*." *Id.* (emphasis added).

The Court finds that Plaintiffs have failed to state a negligence claim against Henson. The Court views the allegations within Plaintiffs' complaint as fundamentally asserting a premises liability claim against Henson. All causality for Plaintiff Cody's injuries is traced to the collapse of the elevated platform and not to any direct action taken by Henson. Thus, Henson can only be liable for the premises if West Fraser had given Henson "entire charge" of the property. *Id*. Plaintiffs only allege that Henson was given authority over certain aspects of the mill: the planer, the drying kiln, and shipping. ECF No. 2, p. 3. Viewing the complaint in the light most favorable to Plaintiffs, this is not an allegation that West Fraser had given Henson the requisite complete control over the property to make him potentially liable for the condition of the premises. *See Barret*, 855 S.W.2d at 329. Even if the Court reads the complaint as attempting to allege an ordinary negligence claim against Henson, that claim would fail because Plaintiffs never assert a legal duty Henson owed to Plaintiff Cody that is distinct from their faulty premises liability claim. *Hope Med. Park Hosp.*, 568 S.W.3d at 822 (noting that a negligence claim requires alleging that a defendant owed a plaintiff a legal duty). Plaintiffs only assert that Plaintiff Cody was a "business invitee[] to whom Defendants owed a duty of care." ECF No. 2, p. 2. This is a legal duty relevant for premises liability claims, which the Court already determined Plaintiffs failed to sufficiently

6

allege against Henson. *See Barret*, 855 S.W.2d at 329; *Hope Med. Park Hosp.*, 568 S.W.3d at 822.

Without sufficiently alleging that Henson owed any legal duty to Plaintiff Cody, Plaintiffs failed to sufficiently allege a negligence claim against Henson. *Hope Med. Park Hosp.*, 568 S.W.3d at 822. Accordingly, Plaintiffs' negligence claim against Henson must be dismissed.

### B. Loss of Consortium Claim

Plaintiffs also allege that Plaintiff Erica Hogan has suffered a loss of consortium as a result of Henson's alleged negligence. However, the Court notes that under Arkansas law "loss of consortium cannot be alleged as a separate cause of action." *Sanderson v. McCollum*, 112 S.W.3d 363, 367 (Ark. Ct. App. May 7, 2003). Thus, because the Court finds that Plaintiffs failed to sufficiently allege a negligence claim against Henson, Plaintiff Erica Hogan's loss of consortium claim must also fail.

### IV. CONCLUSION

For the reasons stated above, the Court finds that Defendant Henson's Motion to Dismiss (ECF No. 8) should be and is hereby **GRANTED**. Plaintiffs' claims against Defendant Henson are hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 6th day of February, 2024.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge